UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-30063 |
| Plaintiff, | |
| vs. | AMENDED PLEA AGREEMENT |
| JEFFERY PICKNER, | |
| Defendant. | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A.    ACKNOWLEDGMENT    AND    WAIVER    OF    RIGHTS    AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands the same.   The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be

1

waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B.     PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which, among other things, authorize the United States to move for dismissal of other charges and to make recommendations or agree not to oppose the Defendant's request for a particular sentence.   Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

**C.     PLEA OF GUILTY TO CHARGES AND DISMISSAL OF OTHER CHARGES:** The Defendant will plead guilty to Counts I and II of the Superseding Indictment filed in this case which charges violations of Aggravated Sexual Abuse of a Child, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2).   Each charge carries a maximum sentence of up to life in prison, a $250,000 fine, or both, and a period of supervised release of up to five years.   If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to five years on any such revocation.   A $100 special assessment to the victims' assistance fund. Restitution may also be ordered.

2

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the remaining Counts in the Superseding Indictment as they pertain to the Defendant, pursuant to the terms of this plea agreement.

**D.    VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1)    All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)    The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3)    The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E.    ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to

a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility.   Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**F.   GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE – WITHIN THE GUIDELINE RANGE:** The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing.   The United States agrees that it will recommend that the Court impose a sentence of imprisonment within the applicable Guideline range.   The Defendant understands that any recommendation made by him, or the United States, is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

4

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range.  For the purposes of this agreement, the "applicable Guideline range" is the range found by the Court by reference to the Sentencing Table at U.S.S.G. § 5A based on the Defendant's total offense level and criminal history before adjustments, if any, are made based on a downward departure, an 18 U.S.C. § 3553(e) sentencing factor, or other variance.

**G.**   **NO FURTHER PROSECUTION:**  The United States agrees that there will be no further federal criminal prosecution of the Defendant in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendant's failure to appear for his change of plea hearing on May 8, 2023.  The Defendant acknowledges that this conduct has disqualified him from receiving a reduction for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

**H.**   **SPECIAL ASSESSMENT:**  The Defendant agrees to remit to the U.S. Clerk of Court, 225 S. Pierre Street, Pierre, SD 57501, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $200, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013. The assessment is due at the time of sentencing or will otherwise be part of the judgment.

5

**I.** **RESTITUTION – AGREEMENT TO PAY:** The Defendant hereby agrees to make restitution to all victims listed in the Superseding Indictment, namely, C.M., L.M., Jr., and S.S.J. pursuant to 18 U.S.C. §§ 3663 and 3663A.

**J.** **MONETARY OBLIGATIONS - DEFENDANT'S ONGOING DUTY:** The Defendant agrees, if requested by the United States, to promptly return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments, current earnings statements, copies of his W-2s and an executed Financial Statement. The Defendant understands that this is an ongoing duty which begins upon execution of this plea agreement and continues until such time as payment of any financial obligation is remitted in full.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.  The Defendant expressly authorizes the United States Attorney's Office to obtain credit reports on him prior to judgment.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court.  The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue

6

collection from other available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**K. RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report or raised by the Defendant in mitigation of his sentence, with evidence and argument.

**L. SEX OFFENDER REGISTRATION:** The Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to

register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**M.    BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

**N.    WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act.   This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**O.    PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**P.    SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties.   It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**Q.      WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. §3553(a).      Claims that the Defendant's counsel rendered constitutionally ineffective assistance are also excluded from this waiver.

### SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Local Rules.

ALISON J. RAMSDELL
United States Attorney

_8|3|23_
Date

Troy R. Morley
Assistant United States Attorney
P.O. Box 7240
Pierre, SD 57501
Telephone:  (605) 224-5402
Facsimile:  (605) 224-8305
E-Mail: Troy.Morley@usdoj.gov

9

APPROVED:
ALISON J. RAMSDELL
United States Attorney
By:

TIMOTHY M. MAHER
Supervisory Assistant United States Attorney


8 - 3 - 23
Date

Jeffery Pickner
Defendant


8 - 3 - 23
Date

Randy Turner
Attorney for Defendant

10